Submitted June 15; convictions on Counts 2 through 7 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse, convictions on Counts 9 through 14 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse, remanded for resentencing, otherwise affirmed August 4, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CESAR TORIBIO GARCIA,
aka Cesar Toribio-Garcia,
*Defendant-Appellant.*

Hood River County Circuit Court
17CR52937; A170938

494 P3d 1043

Karen Ostrye, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 2 through 7 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; convictions on Counts 9 through 14 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing, otherwise affirmed.

**PER CURIAM**

Defendant was tried by a jury and found guilty by unanimous verdicts of two counts of first-degree rape, ORS 163.375, and 12 counts of first-degree sexual abuse, ORS 163.427. He appeals, raising 21 assignments of error in his opening brief and additional claims in a *pro se* supplemental brief. We reject without discussion assignments of error 1 through 14, as well as the claims in defendant's supplemental brief.

In assignments of error 15 and 16, defendant asserts error with respect to merger of the first-degree sexual abuse counts (Counts 2 through 7 and Counts 9 through 14). The trial court merged Count 6 with Count 2, and it merged Count 13 with Count 9. Defendant contends on appeal, however, that the court should have merged all of the guilty verdicts for first-degree sexual abuse committed between May 27, 2012 and May 26, 2015 (Counts 2 through 7) into a single conviction for that offense, and the same with regard to the guilty verdicts for the counts committed between May 27, 2015 and August 2, 2017 (Counts 9 through 14). The state agrees, recognizing that the trial court "should have merged the twelve sexual abuse guilty verdicts into two sexual-abuse convictions—one for each of the charged date ranges—instead of entering ten sexual-abuse convictions." We agree with and accept the state's concession. We therefore reverse and remand those convictions for the trial court to enter judgment accordingly and for resentencing.[1]

Because defendant must be resentenced, we need not address his assignments of error 17 through 19, which raise other claims of sentencing error, some of which are unpreserved.

Finally, in assignments of error 20 and 21, defendant challenges the trial court's instruction to the jury that its verdicts did not have to be unanimous and the court's acceptance of the verdicts. However, because the jury's verdict was unanimous as to each count, those assignments

---

[1] At resentencing, the court can also correct what appears to be a scrivener's error in the judgment. Specifically, the indictment alleged a date range of May 27, 2015 to August 2, 2017, for Counts 9 to 14, whereas the judgment reflects a date range of May 27, 2012 to August 2, 2017, for those counts.

fail. *See State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020) (nonunanimous jury instruction not structural error and, where jury returns a unanimous verdict, harmless beyond a reasonable doubt).

Convictions on Counts 2 through 7 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; convictions on Counts 9 through 14 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing, otherwise affirmed.